UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY THOMAS, individually and as putative personal representative of the ESTATE OF MARY KITCHEN,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>        Defendant. | Case No. 1:21-cv-00284-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss for lack of subject matter jurisdiction. (Dkt. 3). The motion is fully briefed and at issue. Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be

decided on the record. Dist. Idaho L. Civ. Rule 7.1(d). For the reasons explained below, the Court will grant the motion.[1]

## FACTS

Mary Thomas brings this action on behalf of herself and the Estate of Mary Kitchen, Thomas' mother. Thomas challenges the State of Idaho Department of Health and Welfare's (IDHW) determination that the adult child caregiver exception to prohibited transfers under Idaho's Medicaid Asset Transfer Penalty does not apply to the Estate of Mary Kitchen. Specifically, Thomas contends the IDHW wrongfully concluded that the transfer of Kitchen's home to Thomas does not qualify for the exception.

Kitchen began receiving Medicaid benefits in 1997, including some in-home long term care benefits from November 2007 through June 2015, as well as other benefits until her death on February 21, 2019. In 2011, Thomas moved into Kitchen's home and provided nursing level care for her mother until her mother's passing. In return for the care, Kitchen transferred her home to Thomas on August 8, 2017.

Following Kitchen's death, the IDHW filed a lien against the home. Thomas received notice of the lien and filed a request with the IDHW, as relevant here, to apply the adult child caregiver exception to the transfer of the home. (Dkt 1). On August 29, 2019, the IDHW denied Thomas' request, concluding: "[Thomas] did not provide nursing level care for at least two years prior to Mary Kitchen's application for benefits as required under IDAPA 16.03.05.841.04." (Dkt. 1, Ex. A.) Essentially, the IDHW

---

[1] The parties have consented to proceed before a United States Magistrate Judge. (Dkt. 15.)

**MEMORANDUM DECISION AND ORDER  - 2**

concluded the exemption does not apply, because Thomas did not reside in the home and provide care for her mother for at least two years immediately before the month Kitchen started receiving long term care benefits. (Dkt. 1, Ex. A.) Instead, Thomas moved into Kitchen's home after Kitchen had already received some long term care benefits.

Thomas unsuccessfully sought administrative review of the IDHW's denial, as well as judicial review from the state district court. (Dkt. 1 at Ex. B, C, D, E.) Consequently, Thomas filed this lawsuit seeking declaratory and injunctive relief. (Dkt. 1.) Specifically, Thomas requests a declaration that: (1) the IDHW's conclusions are unreasonable and not consistent with the objectives of the Federal Medicaid program, contrary to 42 U.S.C. Section 1396a(a)(17)(A); (2) the IDHW's conclusions are contrary to clearly articulated federal public policy encouraging adult children to provide live-in care for an elderly disabled parent; (3) Thomas is entitled to relief under 42 U.S.C. Section 1396p(c)(2)(A)(iv); and (4) the IDHW may not avoid the transfer of the residence to Thomas. (Dkt. 1 at ¶ 32.) Thomas also seeks an injunction prohibiting the IDHW from setting aside the transfer of the home or foreclosing on the lien against the residence. (Dkt. 1 at 7.)

On August 23, 2021, the IDHW filed the present motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. 3.) The Court finds as follows.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by Article III of the United States Constitution and statutes enacted by

**MEMORANDUM DECISION AND ORDER - 3**

Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction. *See Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). The party invoking the Court's jurisdiction bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

Federal Rule of Civil Procedure 12(b)(1) governs challenges to subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be factual or facial. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). When considering a factual attack, the Court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242.

In a facial attack, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When considering a "facial" attack, the Court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love*, 915 F.2d at 1245. Here, Defendant raises a facial challenge. (Dkt. 3.) Accordingly, the Court will apply the standard applicable to a facial challenge below when analyzing Defendant's motion to dismiss.

## ANALYSIS

The IDHW moves to dismiss the claims for lack of subject matter jurisdiction on two grounds: (1) the *Rooker-Feldman* doctrine; and (2) lack of a federal question. (Dkt. 3.) The Court will address each in turn.

**1.     The *Rooker-Feldman* Doctrine**

The *Rooker–Feldman* doctrine is an expression of federalism principles recognizing that a plaintiff cannot appeal to a federal district court when his or her claims have been dismissed by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007); *Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003) ("[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court."). Indeed, district courts "must decline jurisdiction whenever they are 'in essence called upon to review a state court decision.'" *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n. 16)).

This jurisdictional bar applies to direct appeals from state court judgments, de facto appeals from state court judgments, and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005). The *Rooker-Feldman* doctrine applies to final state court orders and judgments as well as

interlocutory orders and non-final judgments issued by a state court. *Napolitano*, 252 F.3d at 1030.

On this motion, the IDHW argues the Court lacks subject matter jurisdiction to award the requested declaratory relief based on the *Rooker-Feldman* doctrine, because the claims in this lawsuit were decided by the IDHW and Idaho court. (Dkt. 3, 10.) Thomas, on the other hand, maintains the *Rooker-Feldman* doctrine does not apply, because: (1) no adverse final judgment has been entered against Thomas in the state court action; and (2) the *Rooker-Feldman* doctrine does not prevent the Court from determining the merits of Thomas' claim that she is entitled to protection under the federal public policy underlying the adult child caregiver exception. (Dkt. 8.)

Applied here, the Court finds that the *Rooker-Feldman* doctrine prohibits Thomas from utilizing the claims asserted in this case as a vehicle to appeal the earlier adverse rulings she received from the IDHW and the state court. Thomas couches her claims as arising under federal public policy and the federal Medicaid program. However, the declaratory and injunctive relief sought by Thomas seeks to have this Court conduct a de facto appellate review and overturn the unfavorable decisions reached by the IDHW and the state court.

The issue of whether Thomas is entitled to the adult caregiver exception has been litigated and decided by the IDHW and the Idaho court. The state court held:

> Petitioner argues federal law provides a separate asset transfer penalty and a
> separate adult child caregiver exception. Petitioner argues the federal
> exception applies only to an individual who becomes institutionalized and
> is able to reside at home rather than in such an institution or facility.

**MEMORANDUM DECISION AND ORDER - 6**

> Petitioner therefore contends IDHW regulation violates federal requirements.
>
> Petitioner's argument fails based on the same analysis above. Once again, state Medicaid rules are derived from the federal requirements. Common sense may suggest the term "institutionalized" means only a person placed in some type of facility, but the arcane Federal Statutes ultimately define a person receiving HCBS to be an institutionalized individual for purposes of evaluating whether the penalty exception applies. These are principally the same federal statutes that are the subject of the multiple cross-references discussed above.
>
> The Court therefore finds IDHW's denial of the exception does not violate federal law.

(Dkt. 1, Ex. E at 12.) The state court's decision is final for purposes of the *Rooker-Feldman* doctrine. *Napolitano*, 252 F.3d at 1030. As such, the Court is without jurisdiction to adjudicate Thomas' claims seeking to review and overturn the state court decision. *Noel*, 341 F.3d at 1154–55. Further, the Court is without jurisdiction to award Thomas any of the declaratory or injunctive relief requested in the Complaint, as doing so would effectively overrule and undo the prior determinations that Thomas does not qualify for the adult caregiver exception.

That the state court declined to address Thomas' federal public policy argument does not provide Thomas an avenue around the *Rooker-Feldman* doctrine in which to challenge the decisions of the IDHW and the state court. The doctrine is not limited to the claims actually decided by state courts, but also precludes review of issues that are inextricably intertwined.

The *Rooker-Feldman* jurisdictional bar applies to de facto appeals and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court

**MEMORANDUM DECISION AND ORDER - 7**

in its judicial decision." *Noel*, 341 F.3d at 1158; *Doe*, 415 F.3d at 1042. "A federal action constitutes such a de facto appeal where 'claims raised in the federal court are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state court or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Such is the case here.

Thomas' federal public policy claim essentially challenges and seeks to overturn the determinations made by the IDHW and state court that Thomas does not qualify for the adult child caregiver exception. As such, the claim is inextricably intertwined with the state court decision. Likewise, the declaratory and injunctive relief sought here would undercut the state court's determination. Thus, Thomas' federal public policy claim and requests for declaratory and injunctive relief are barred by the *Rooker-Feldman* doctrine.

If Thomas disagrees with the IDHW's and state court's decisions, the proper course of appellate review is through the Idaho state courts. Indeed, that is precisely the action taken by the applicant in the case relied on by Thomas. (Dkt. 8 at 3) (citing *Dahly v. Anderson*, 820 N.W.2d 719, 723-25 (N.D. 2012) (Applicant appealed the order of state department of human services determining applicant was ineligible for Medicaid benefits to the state supreme court.)). For these reasons, the Court finds it is without subject matter jurisdiction over the claims brought in this matter.

2. **Federal Question Jurisdiction**

The IDHW next argues the Court is without jurisdiction to adjudicate Thomas' request for declaratory and injunctive relief prohibiting the IDHW from setting aside the

transfer of the home or foreclosing on the lien, because the claim for relief fails to implicate a federal question. (Dkt. 3, 10.) Thomas's response brief does not specifically address the federal question argument. (Dkt. 8.) However, the Complaint asserts federal question jurisdiction under the laws of the United States pursuant to 28 U.S.C. Section 1331, and Thomas generally argues that she qualifies for and should be afforded relief under the federal Medicaid program. (Dkt. 1, 8.)

As discussed above, Thomas' claim for declaratory and injunctive relief preventing the IDHW from setting aside the transfer of the home or foreclosing on the lien is precluded by the *Rooker-Feldman* doctrine. Additionally, the Court finds dismissal as to this particular claim is appropriate pursuant to *Younger* abstention.[2]

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008) (abrogated on other grounds)). Under *Younger v. Harris*, federal courts must not unduly interfere with a pending state civil proceeding that implicates important state interests, absent certain exceptions. *See Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)).

---

[2] Although Defendant does not raise *Younger* abstention in its briefing on the motion, the Court may consider the propriety of *Younger* abstention sua sponte. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020).

**MEMORANDUM DECISION AND ORDER - 9**

Federal courts must abstain and dismiss a suit on the basis of *Younger* where: (1) state proceedings are ongoing, (2) important state interests are involved, (3) the state proceeding provides an adequate opportunity to raise federal questions, and (4) the federal action would enjoin the state proceeding or have the practical effect of doing so. *Logan*, 722 F.3d at 1167; *Arevalo*, 882 F.3d at 765. *Younger* principles apply to actions for declaratory relief. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc). Each of the *Younger* conditions are present here.

As to the first condition, defense counsel represents that the IDHW's cause of action to set aside the transfer of Kitchen's home that Thomas seeks to enjoin in this lawsuit "is filed in an Idaho court." (Dkt. 3 at 5.) If that is the case, the IDHW's set aside action is an ongoing state proceeding.[3]

Second, important state interests are involved in the state proceeding. The IDHW's set aside action is brought pursuant to Idaho Code Section 56-218, which governs the recovery of certain publicly provided medical assistance. Thus, the state action involves Idaho's important interests of enforcing the requirements of its Medicaid program and recovering public medical assistance provided to a recipient under certain circumstances. *See e.g., Donaldson v. Lyon*, 2020 WL 4251341, at *3 (E.D. Mich. July 24, 2020) ("As to the important state interest, although it could be argued that Medicaid involves a pervasive federal regulatory scheme, the Act confers broad discretion on the

---

[3] Alternatively, if the IDHW's action to set aside the transfer of the home has concluded, the *Rooker-Feldman* doctrine applies and prevents this Court from conducting a de facto appellate review of the state court decision in the IDHW's set aside action.

**MEMORANDUM DECISION AND ORDER - 10**

States to adopt standards for determining the extent of medical assistance, requiring only that such standards be reasonable and consistent with the objectives of the Act. The State . . . determines eligibility for benefits and considers Medicaid a joint state and federal program.") (citations and marks omitted). Third, Thomas has an adequate opportunity to raise federal questions in the state proceeding. Finally, the relief sought by Thomas in this federal action expressly seeks to enjoin the state proceeding and preclude the IDHW from setting aside the transfer of the home.

Accordingly, the Court must abstain from considering Thomas' request to enjoin the IDHW's set aside action, as doing so would improperly interfere with a pending state civil proceeding. *Logan*, 722 F.3d at 1167. For this additional reason, the motion to dismiss will be granted on this claim.

## CONCLUSION

Based on the foregoing, the Court will grant the motion to dismiss. Under Rule 15(a), the court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted). Generally, a court should deny leave to amend only if allowing the amendment would be futile, would unduly prejudice the opposing party, would cause undue delay, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Here, no amendment could remedy the lack of subject matter jurisdiction. Accordingly, the Court denies leave to amend because doing so would be futile. *Lopez*, 203 F.3d at 1130. Plaintiff's claims will be dismissed with prejudice.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

DATED: January 11, 2022

Honorable Candy W. Dale
Chief United States Magistrate Judge